# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DIONISIO M. MAYNES,<br>　　　　　　　Appellant,<br><br>　　　　v.<br><br>OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　　Agency. | DOCKET NUMBER<br>SF-0831-05-0447-I-1<br><br><br>DATE: May 27, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dionisio M. Maynes, La Union, Philippines, pro se.

Natalio M. Maynes, La Union, Philippines, pro se.[2]

Gregory Stewart, Washington, D.C., for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Because Natalio M. Maynes alleges that he is the deceased appellant's son, but he has not filed a motion to substitute in this matter, we refer to all his submissions and arguments as from "the petitioner."

**FINAL ORDER**

¶1 The petitioner has filed a petition for review of the initial decision that denied the appellant's request for a deferred annuity under the Civil Service Retirement System (CSRS). For the reasons set forth below, the petition for review is DISMISSED.

¶2 The petitioner represents that the appellant is now deceased. Petition for Review (PFR) File, Tab 1. In February 2005, the appellant filed a Board appeal of the decision of the Office of Personnel Management (OPM), which dismissed, as untimely filed, his request for reconsideration of OPM's decision denying his application for a deferred annuity under CSRS. Initial Appeal File (IAF), Tab 1 at 3-4, Tab 7, Subtab 2. In August 2005, the administrative judge issued an initial decision finding that OPM abused its discretion by not extending the appellant's time limit for requesting reconsideration. IAF, Tab 8, Initial Decision (ID) at 4-5. Nonetheless, the administrative judge found that the claim was without merit because the appellant failed to prove his entitlement to a CSRS annuity. ID at 6-8.

¶3 Eleven years later, in September 2016, the petitioner filed a letter with the Clerk of the Board. PFR File, Tab 1. The letter suggested that the petitioner was seeking either a review of the initial decision on behalf of the appellant or survivor's benefits on his own behalf. *Id.* The Clerk: (1) informed the petitioner that, to litigate on the appellant's behalf, the petitioner had to file a motion for substitution within 90 days after the appellant's death or show good cause for the delay in filing; and (2) invited the petitioner to file such a motion. PFR File, Tab 2 at 1 (citing 5 C.F.R. § 1201.35). In addition, the Clerk notified the petitioner that, if his letter was meant to operate as a petition for review of the initial decision, then it was untimely filed. *Id.* at 2. The Clerk invited the petitioner to file a motion to accept the filing as timely or to waive the time limits. *Id.* at 2, 7-8. The petitioner did not file either motion.

¶4       If an appellant dies or is otherwise unable to pursue the appeal, the processing of the appeal will only be completed upon substitution of a proper party.  5 C.F.R. § 1201.35(a).  Given that the petitioner seeks to litigate the petition for review on behalf of the appellant, but he has not established that he is entitled to substitute for the appellant, the petition for review will be dismissed on this ground.

¶5       Notwithstanding, the petition for review is untimely filed without good cause.  To be timely, a petition for review must be filed within 35 days of the date of the initial decision's issuance or, if the decision was received more than 5 days after the date of issuance, within 30 days after receipt.  5 C.F.R. § 1201.114(e).  Because the petitioner has not alleged that the initial decision was received more than 5 days after the date of issuance, the petition for review had to be filed by September 9, 2005.  ID at 9.  Because it was mailed on September 27, 2016, it is untimely by more than 11 years.  PFR File, Tab 1; *see* 5 C.F.R. § 1201.4(*l*) (reflecting that the date of filing a document by mail is the postmark date).

¶6       The Board will waive its filing deadline only upon a showing of good cause for the delay.  5 C.F.R. §§ 1201.12, 1201.114(g).  To establish good cause, a party must show that he exercised due diligence or ordinary prudence under the circumstances of his case.  *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014).  The petitioner has not shown good cause, and therefore the petition for review also will be dismissed as untimely filed.

¶7       Finally, because the petitioner seeks to "rescue the unpaid [l]ump sum of late father," the petitioner's letter could be read as an application for survivor's benefits rather than a petition for review.  PFR File, Tab 1.  Generally, the Board has jurisdiction over determinations affecting an appellant's rights or interests under the retirement system only after OPM has issued a final or reconsideration decision.  *Johnson v. Office of Personnel Management*, 97 M.S.P.R. 193, ¶ 6 (2004); 5 C.F.R. § 831.110.  While the Board may take jurisdiction over a retirement appeal in the absence of an OPM reconsideration decision if an

appellant requested such a decision and the evidence indicates that OPM does not intend to issue a final decision, *Johnson*, [97 M.S.P.R. 193](), ¶ 6, the petitioner's letter does not suggest that he ever attempted to raise a survivor's benefits claim before OPM. Instead, he only references OPM's denial of his father's deferred annuity. PFR File, Tab 1.

¶8        Accordingly, we dismiss the petition for review. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's deferred annuity.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. [5 U.S.C. § 7703](a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. [5 U.S.C. § 7703](b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.